1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10 **UNITED STATES OF AMERICA,** | **CASE NO. 1:03-CR-05453-(1)-LJO** |
| 11 **Plaintiff-Respondent,** | |
| 12 **v.** | **MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S § 2255 MOTION** |
| 13 **RITO ZAZUETA,** | |
| 14 **Defendant-Petitioner.** | **ECF No. 499** |
| 15 | |

16

17                                 I. <u>INTRODUCTION</u>

18        On June 15, 2016, Petitioner Rito Zazueta ("Petitioner") filed a *pro se* motion, pursuant to Title

19  28, United States Code, Section 2255 ("Section 2255 Motion"), in which he asserts that *Johnson v.*

20  *United States*, 135 S. Ct. 2551 (2015), may impact the length of his sentence. ECF No. 499. Following

21  the Court's referral of Petitioner's motion to the Federal Defender's Office ("FDO") pursuant to Eastern

22  District of California General Order 563 (ECF No.500), the FDO notified the Court that it did not intend

23  to supplement Petitioner's motion (ECF No. 503). Upon review of Petitioner's motion and the record in

24  this case, the Court does not believe a response by the Government is necessary. For the reasons that

25  follow, the Court DENIES Petitioner's § 2255 motion.

26                                                1

## II. <u>BACKGROUND</u>

On February 3, 2005, a grand jury indicted Petitioner on a four-count Superseding Indictment for the following offenses: (1) violation of 21 U.S.C. §§ 841(a)(1), (b)(1), (c)(2), and 846, Conspiracy to Aid and Abet the Manufacture of Methamphetamine and to Possess Pseudoephedrine, a Listed Chemical, Knowing or Having Reasonable Cause to Believe it Would be Used to Manufacture Methamphetamine; (2) violation of 21 U.S.C. §§ 846 and 841(c)(2) and 18 U.S.C. § 2, Attempted Possession of Pseudoephedrine, a Listed Chemical Knowing or Having Reasonable Cause to Believe it Would be Used to Manufacture Methamphetamine, a Controlled Substance and Aiding and Abetting; (3) violation of 18 U.S.C. § 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and (4) violation of 8 U.S.C. § 1326, Deported Alien Found in the United States. ECF No. 142.

Following a two-week jury trial, on May 4, 2005, Petitioner was found guilty of Counts 1, 2, and 3. ECF No. 237. On August 10, 2006, Petitioner pleaded guilty to Count 4. ECF Nos. 381 & 382.

In Petitioner's Presentence Investigation Report ("PSR"), the United States Probation Office ("Probation") determined Petitioner's total offense level to be 38, based on the quantity of actual methamphetamine involved in the case (approximately 183 pounds) for Counts 1, 2, and 3, which were grouped together pursuant to section 3D1.2(d) of the United States Sentencing Guidelines ("USSG" or "Guidelines"). PSR ¶ 33-38. Regarding Count 4, Probation found an adjusted offense level of 16, based on a base offense level of 8, pursuant to USSG § 2L1.2 and an 8-point enhancement pursuant to USSG § 2L1.2(b)(1)(a)(i), because Petitioner had been previously deported after an aggravated felony conviction. *Id.* ¶¶ 42-44. Accordingly, Probation recommended a 420-month term of imprisonment, based on a total offense level of 38 and a criminal history category of VI. *Id.* at 20. Specifically, Probation recommended a 360-month term on Count 1 and a 240-month term on Counts 2 and 4, to be served concurrently with one another, and a 60-month term on Count 3, to be served consecutively with the term imposed for Count 1. *See id.*

On March 5, 2007, the Court adopted in part the PSR's recommendation and sentenced Petitioner to a 300-month term of imprisonment—specifically, a 240-month term for Counts 1, 2 and 4, to run consecutively with a 60-month term for Count 3. ECF Nos. 428 & 429.

On March 14, 2007, Petitioner filed notice that he was appealing his conviction to the Ninth Circuit. ECF Nos. 430 & 432. The Ninth Circuit issued a published opinion affirming Petitioner's conviction (along with the convictions of his co-defendants) on July 24, 2009. ECF No. 450; *United States v. Nobari*, 574 F.3d 1065 (9th Cir. 2009).

This is Petitioner's first § 2255 motion.

### III. LEGAL FRAMEWORK

A. **28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States; or

[2] that the court was without jurisdiction to impose such sentence; or

[3] that the sentence was in excess of the maximum authorized by law; or

[4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

"When a district court reviews a § 2255 habeas motion, '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2010) (quoting 28 U.S.C. § 2255). The court need not hold an evidentiary hearing where the prisoner's allegations, when viewed

1    against the record, either do not state a claim for relief or are "so palpably incredible or patently

2    frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.

3    1996) (internal citations omitted).

4    B.    ***Johnson v. United States***

5          Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a

6    mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony

7    or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any

8    crime punishable by imprisonment for a term exceeding one year that:

9          (i) has as an element the use, attempted use, or threatened use of physical force against the
           person of another; or

10

11         (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that
           presents a serious potential risk of physical injury to another.*

12   18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i),

13   as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses

14   clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United*

15   *States*, 135 S. Ct. 2551, 2556-57, 2563 (2015); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir.

16   2016).

17         In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual

18   clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the

19   basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair

20   notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two

21   features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the

22   residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the

23   judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or

24   statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by

25   a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the

26                                                          4

1   residual clause produces more unpredictability and arbitrariness than the Due Process Clause

2   tolerates." *Id.* at 2558.

3   C.   **Sentencing Pursuant to 18 U.S.C. § 924(c)(1)(A)**

4        18 U.S.C. § 924(c)(1)(A) provides, *inter alia*, that any person who in relation to any "drug

5   trafficking crime," uses or carries a firearm, shall in addition to the punishment provided for such "drug

6   trafficking crime," be sentenced to a term of imprisonment of not less than five years, to run

7   consecutively with the punishment for the underlying "crime of violence." If a firearm is brandished in

8   the course of committing the "crime of violence," the consecutive term of imprisonment shall be not less

9   than seven years (84 months). 18 U.S.C. § 924(c)(1)(A)(ii). If a firearm is discharged, the consecutive

10  term of imprisonment shall be not less than ten years. *Id.* § 924(c)(1)(C)(A)(iii).

11       For purposes of 18 U.S.C. § 924(c)(1)(A), a "drug trafficking crime" is defined as an offense that

12  is "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled

13  Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), or Chapter 705 of title 46." 18 U.S.C. §

14  924(c)(2).

15                               **IV. DISCUSSION**

16       Petitioner argues that in light of *Johnson*, his conviction for Count 1, the violation of 21 U.S.C.

17  §§ 841 and 846, Conspiracy to Aid and Abet the Manufacture of Methamphetamine, can no longer

18  qualify as a predicate offense for a § 924(c)(1)(A) conviction because the 21 U.SC. §§ 841 and 846

19  offense can no longer be deemed a "crime of violence." ECF No. 99 at 9-10. Petitioner additionally

20  requests an evidentiary hearing on the issue. *Id.* at 11.

21       In this case, it is clear that Petitioner's § 924(c)(1)(A) conviction was appropriate. Petitioner's

22  contention that his 21 U.S.C. §§ 841, 846 conviction is no longer a "crime of violence" is completely

23  inapposite because this offense is nevertheless a "drug trafficking offense" that can sustain a

24  § 924(c)(1)(A) conviction. *See Abbott v. United States*, 562 U.S. 8, 28 (2010) (affirming Petitioner

25  Abbott's § 924(c)(1)(A) conviction that was premised on two counts of violating 21 U.S.C. §§ 841 &

26                                       5

846). As mentioned above, § 924(c)(1)(A) provides for a mandatory consecutive term of imprisonment for defendants who use or carry a firearm in relation to any drug trafficking crime. *See id*. at 12 ("As one of several measures to punish gun possession by persons engaged in crime, Congress made it a discrete offense [through § 924(c)(1)(A)] to use, carry, or possess a deadly weapon in connection with 'any crime of violence *or* drug trafficking crime.'") (emphasis added). Because a jury found Petitioner guilty beyond a reasonable doubt of possessing a firearm in furtherance of a drug trafficking offense, *see* ECF No. 237, a mandatory consecutive five-year term applies. 18 U.S.C. § 924(c)(1)(A)(i); *see also Abbott*, 562 U.S. at 13 (" … the mandatory minimum sentence for a § 924(c) offense is five years."). *Johnson*, which only applies to "crime of violence" determinations, is irrelevant here. *See* 18 U.S.C. § 924(3)(2)(B); *Johnson*, 135 S. Ct. at 2556-57.

Therefore, Petitioner's sentence was properly imposed, and the Court DENIES Petitioner's § 2255 motion. Furthermore, because Petitioner has failed to allege facts that if true, would entitle him to relief, Petitioner is not entitled to an evidentiary hearing on this issue. *McMullen*, 98 F.3d at 1159.

## CONCLUSION AND ORDERS

For the reasons above, the Court **DENIES** Petitioner's § 2255 motion (ECF No. 499).

Furthermore, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 28, 2017**          **/s/ Lawrence J. O'Neill**
                                         UNITED STATES CHIEF DISTRICT JUDGE